**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHAD JONES,<br>on behalf of Plaintiff and a class,<br><br>Plaintiff,<br><br>vs.<br><br>REAL TIME RESOLUTIONS, INC.;<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:25-cv-01657-GCS |

**AMENDED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Chad Jones brings this action to secure redress regarding unlawful collection and credit reporting practices engaged in by Defendant Real Time Resolutions, Inc. ("RTR") and improper credit reporting practices engaged in by Defendant Experian Information Solutions, Inc. ("Experian"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §§1681p (FCRA) and 1692k (FDCPA).

3. Personal jurisdiction in Illinois and venue are proper because Defendant RTR directed collection efforts toward a person located in Illinois and Defendant Experian reported on an Illinois consumer.

4. The requirements of Article III are satisfied because Defendant RTR communicated obsolete and inaccurate information to a credit bureau, Experian, intending that it be reported on Plaintiff's credit report. *Wood v. Security Credit Services, LLC*, 126 F.4th 1303 (7th Cir. 2005), which it

was.

## PARTIES

### Plaintiff

5. Plaintiff Chad Jones is a natural person residing in O'Fallon, Illinois.

### Defendants

6. Defendant RTR is a Texas corporation with its principal place of business at 1349 Empire Central Dr., Ste. 1300, Dallas, TX 75247. It does business in Illinois. Its registered agent and office is C T Corporation System, 208 S. La Salle St., Suite 814, Chicago, IL 60604-1101.

7. RTR states on its website (https://www.realtimeresolutions.com/about-us/) that "Based in Dallas, Texas, Real Time Resolutions, Inc. ('RTR') is a full-service loan servicing and recovery company specializing in mortgage, auto, student, credit card, and other consumer loans. It is our vision to help our customers with their financial obligations in all stages of their loan cycle. Whether your loan is up to date, or falling behind, we offer convenient payment solutions."

8. RTR regularly collects consumer debts allegedly owed by others and that were in default when RTR first became involved with them, using the mails and telephone system for that purpose.

9. Defendant Real Time Resolutions, Inc. is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. Defendant Experian is an Ohio corporation with its principal place of business at 475 Anton Blvd., Costa Mesa, CA 92626. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11. Experian operates a national consumer reporting agency (credit bureau).

**FACTUAL ALLEGATIONS**

12. This action arises out of RTR's attempts to collect a second mortgage debt incurred for personal, family or household purposes.

13. Plaintiff defaulted on the debt about 2009 to 2011, well over 7.5 years ago. The debt was charged off within 180 days, as required by law.

14. RTR first became involved with collecting the loan about May 2025.

15. RTR reports debts to credit bureaus for the purpose of collecting them. Credit reporting is "a powerful tool designed, in part, to wrench compliance with payment terms . . . ." *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993). Consumers will often pay a debt, even if the debt is disputed, for the sole purpose of clearing their credit.

16. In July 2025, RTR reported Plaintiff's old mortgage debt to Experian.

17. The debt appeared on Plaintiff's Experian credit report. (Appendix A)

18. The Fair Credit Reporting Act prohibits credit bureaus such as Experian from reporting debts that have been charged off more than 7 years previously. 15 U.S.C. §1681c(a) provides that ". . . no consumer reporting agency may make any consumer report containing any of the following items of information: . . . (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years. . . . "

19. Furthermore, under 15 U.S.C. §1681c(c), "The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." This date is referred to in the credit industry as the "date of first delinquency."

20. The debt collected by RTR should not have appeared on Plaintiff's credit report.

21. RTR reported the debt to Experian via computerized means.

22. The manner in which RTR reports debts is standardized.

23. RTR reported the debt in a deceptive manner to prevent Experian from refusing to report the debt on the ground that the debt had been charged off more than 7 years previously or that it had been 7.5 years.

24. On information and belief, RTR failed to disclose the chargeoff and instead reported the debt was only 180 days overdue.

25. It is the practice of RTR to report debts that are more than 7.5 years after the date of first delinquency.

26. It is the practice of RTR to report such debts using deceptive means.

27. Experian should have recognized the age of the debt anyway, because the overdue amount was just under the principal amount of the debt.

28. Plaintiff suffered actual damages from the report, in that:

a. He was unable to secure credit on the terms to which he was able prior to the reporting;

b. His credit reputation and score were diminished;

c. He spent time and money attempting to restore his credit.

**COUNT I – FDCPA – CLASS CLAIM**

29. Plaintiff incorporates paragraphs 1-28.

30. This claim is against RTR.

31. Defendant violated 15 U.S.C. §1692e(8) when it disclosed false information about Plaintiff's purported debt to Experian.

32. Section 1692e(8) prohibits "(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

34. The class consists of (a) all individuals in the United States (b) with respect to whom RTR reported a debt to a credit bureau (b) on or after a date one year prior to the filing of this action (c) where the date of first delinquency of the debt was more than 7.5 years prior to RTR's reporting it.

35. Plaintiff may alter the class definition to conform to developments in the case and discovery.

36. On information and belief, based on the size of Defendant's business operations, , there are more than 40 members of the class, and the class is so numerous that joinder of all members is not practicable.

37. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

a. Whether RTR engages in the practice described above;

b. Whether such practice violates the FDCPA.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA and FCRA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

39. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism

under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

i. Statutory damages;

ii. Actual damages;

iii. Attorney's fees, litigation expenses and costs of suit;

iv. Such other and further relief as the Court deems proper.

**COUNT II – FCRA – INDIVIDUAL CLAIM**

40. Plaintiff incorporates paragraphs 1-28.

41. This claim is against Experian.

42. Defendant violated 15 U.S.C. §1681e(b) when it included RTR's obsolete debts on its credit reports.

43. Section 1681e(b) provides that "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

44. Experian did not follow reasonable procedures when it failed to compare the numbers reported by RTR, which are not consistent with a debt that recently became 180 days overdue.

45. Experian violated 15 U.S.C. §1681n and/or §1681o.

46. Section 1681n provides:

> §1681n. Civil liability for willful noncompliance
>
> (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–
>
> (1)
>
> (A) any actual damages sustained by the consumer as a result of the

failure or damages of not less than $ 100 and not more than $ 1,000; or

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

47. Section 1681o provides:

§1681o. Civil liability for negligent noncompliance

(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--

(1) any actual damages sustained by the consumer as a result of the failure;

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant Experian for:

i. Statutory damages;

ii. Actual damages;

iii. Punitive damages;

iv. Attorney’s fees, litigation expenses and costs of suit;

v. Such other and further relief as the Court deems proper.

*<u>/s/ Daniel A. Edelman</u>*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200

(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**JURY DEMAND**

Plaintiff demands trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

**CERTIFICATE OF SERVICE**

Daniel A. Edelman certifies that on September 12, 2025, this document was filed via ECF, causing a copy to by sent to all counsel fo record.

*/s/ Daniel A. Edelman*
Daniel A. Edelman